# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6822 | **DATE** | 11/8/2002 |
| **CASE TITLE** | United States of America, et al vs. Tarcom Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Because the matters addressed here would seem to be readily curable, leave is granted to Tarcom's counsel to file an appropriate amendment to the Answer in this Court's chambers on or before November 22, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **NOV 1 2 2002** date docketed | 7 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CV docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 11/8/2002 | |
| | Copy to judge/magistrate judge. | 02 NOV -8 PH 2:05 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, etc., )
et al., )
 )
           Plaintiffs, )
 )
v. ) No. 02 C 6822
 )
TARCOM CORPORATION, et al., )
 )
           Defendants. )

DOCKETED
NOV 1 2 2002

## MEMORANDUM ORDER

Tarcom Corporation ("Tarcom") has filed its Answer and Affirmative Defenses ("ADs") to the Miller Act Complaint brought against it and Fidelity & Deposit Company of Maryland ("Fidelity") for the use of subcontractor Prizm Interior Systems, Inc. ("Prizm"). This memorandum order is issued sua sponte to require Tarcom's counsel to correct some basic pleading errors contained in that responsive pleading.

Before those errors are addressed, however, Answer ¶4 is puzzling. Complaint ¶4 alleges in part that general contractor Tarcom had provided the United States Postal Service with a bond written by codefendant Fidelity. Yet in response to that allegation, Tarcom invokes the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to disclaim knowledge or information sufficient to form a belief. That of course seems to make no sense at all, and Tarcom's counsel are expected to do better when they return to the drawing board to cure the other problems dealt with in this memorandum order.

Next Answer ¶5 attempts to use Tarcom's characterization of part of the allegations of Answer ¶5 as "conclusions of law" as a basis for denying those allegations. That is simply wrong--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Hence the second sentence of Answer ¶5 is stricken.

As for Tarcom's two ADs, each is problematic for a different reason. Here are their deficiencies:

1. AD 1 does not conform to the concept embodied in Rule 8(c) and its caselaw--see App. ¶5 to <u>State Farm</u>: AD 1 squarely contradicts the allegation of Complaint ¶13, which has been brought into issue by Tarcom's denial and affirmative statement in Answer ¶13. Accordingly AD 1 is stricken.

2. AD 2, which is labeled as a "setoff," stems from a wholly separate transaction between Tarcom and Prizm. It may perhaps be the subject of a permissive counterclaim under Rule 13(b), but it does not qualify as an AD. It too is stricken.

Because the matters addressed here would seem to be readily curable, leave is granted to Tarcom's counsel to file an appropriate amendment to the Answer in this Court's chambers (with a copy of course being transmitted to Prizm's counsel) on or before November 22, 2002. No charge is to be made to Tarcom

by its counsel for the added work and expense incurred in correcting counsel's errors. Tarcom's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                  *[signature]*
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: November 8, 2002